**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Lisa M. HACKER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 20, 2008.
Filed Oct. 9, 2008.

Michael S. Marshall, DuBois, for appellant.

BEFORE: LALLY–GREEN,
TAMILIA and COLVILLE\*, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case is a direct appeal from judgment of sentence. Appellant was convicted of one count of criminal solicitation (18 Pa.C.S.A. § 902(a)) with the intent of promoting or facilitating the rape of a child under thirteen (18 Pa.C.S.A § 3121(c), a felony of the first degree). This charge was based on the allegation that Appellant encouraged N.A. (a twelve-year-old girl) and C.G. (a thirteen-year-old boy) to engage in oral sex.

¶ 2 Appellant was also convicted of two counts of disseminating sexually explicit materials to minors (18 Pa.C.S.A. § 5903(c)(1), a felony of the third degree), the minors being N.A. and T.H. (a sixteen-year-old girl).

¶ 3 Finally, Appellant was convicted of four counts of corrupting the morals of minors (18 Pa.C.S.A. § 6301(a)(1), a misdemeanor of the first degree). Of the four corruption counts, two were based on the conduct underlying the allegation of solicitation involving N.A. and C.G. The other two were based on the dissemination of sexual materials to N.A. and T.H.

¶ 4 The issues are: (1) whether the evidence was insufficient to support the conviction for solicitation because C.G., being only thirteen, could not be convicted of raping a child by having consensual sex with that child (N.A.); (2) whether the evidence was insufficient to support Appellant's conviction for solicitation where the Commonwealth failed to prove she knew N.A. was under thirteen; (3) whether there was insufficient evidence to support the conviction for disseminating sexually explicit materials to minors where the Commonwealth failed to prove there was

any dissemination; (4) whether there was a fatal variance between Counts 5 and 7 of the information (dissemination to T.H. and corruption of T.H. by virtue of that dissemination) and the proof offered at trial on those counts; (5) whether the court erred in failing to give certain jury instructions relating to solicitation; (6) whether the court erred by failing to sever, for trial, the charges of solicitation and corruption by virtue of solicitation (Counts 1, 3 and 4) from the charges of dissemination and corruption by virtue of dissemination (Counts 2, 5, 6 and 7); (7) whether the court erred by failing to sever, for trial, the charges involving T.H. (Counts 5 and 7) from the charges involving N.A. and C.G. (Counts 1, 2, 3, 4 and 6); and (8) whether the trial court erred in denying Appellant's motion for a mistrial after it appeared during trial that the incidents relating to T.H. (dissemination and corruption) occurred on dates different than those in the information.

¶ 5 Finding the evidence insufficient to support Appellant's conviction for solicitation, we reverse the conviction and judgment of sentence on that count. As to the remaining counts, we affirm Appellant's convictions. However, in light of the fact that our reversal of the solicitation count upsets the overall sentencing scheme, we vacate the judgments of sentence at the remaining counts and remand for resentencing on those counts.

### *Facts*

¶ 6 The record reveals the following facts. During the summer of 2006, N.A. occasionally visited Appellant's apartment. On one such occasion, an evening, Appellant showed N.A. several sexually explicit images on a computer screen. The various images depicted Appellant engaged in sex,

---

\* Retired Senior Judge assigned to the Superior Court.

at different points, with a man and a woman. N.A. was twelve years old during this incident.

¶ 7 Later that night, Appellant played a game of truth or dare with N.A., C.G. and other persons. N.A. testified that, during the game, Appellant dared N.A. to perform oral sex on C.G. Appellant, N.A. and C.G. then went to a bedroom. Initially, N.A. would not comply with Appellant's dare, but Appellant threatened to tell N.A.'s mother that she was being bad. At some point, Appellant led N.A. by the hand, seating her next to C.G. N.A. then performed oral sex on C.G. C.G. would later testify at trial that someone dared N.A. and him to go into a bedroom and that the person who did so said, "Go to the room and have sex." N.T., 04/05/07, at 85.

¶ 8 As to T.H., Appellant likewise showed her computer images of Appellant engaging in sex. This incident also occurred in 2006, probably in June, before the date of the game of truth or dare.[1] It appears T.H. saw two images that were later among those seen by N.A.

¶ 9 Following these incidents, the Commonwealth charged Appellant with the aforementioned criminal offenses. She proceeded to a jury trial and was convicted on all counts. At sentencing, the court imposed incarceration of not less than sixty and not more than one hundred twenty months on the solicitation charge. Appellant was also sentenced to six to twelve months' imprisonment on each of the remaining counts, concurrent with each other and concurrent with the solicitation sentence.

¶ 10 Appellant filed a post-sentence motion raising various claims; the court denied that motion. Thereafter, Appellant filed this appeal.

### Issue # 1

■ ¶ 11 Appellant summarizes her first argument as to why the evidence was insufficient to support her conviction as follows:

C.G. could not commit the crime of [r]ape of a [c]hild by engaging in consensual sexual activity with N.A. because he was not significantly older than N.A. Therefore, [Appellant] cannot be guilty of soliciting C.G. to commit said offense.

Appellant's Brief at 10.

¶ 12 To support this argument, Appellant relies on In re B.A.M., 806 A.2d 893 (Pa.Super.2002). In that case, two eleven-year-old children engaged in sex with each other. As a result of their sexual contact, one of them was adjudicated delinquent for having committed rape (victim under thirteen) and involuntary deviate sexual intercourse (IDSI) (victim under thirteen).[2] On appeal, this Court reasoned the relevant statutes were intended to protect young children from victimization by significantly older teenagers and adults. Id. at 897–98. We similarly observed the Legislature did not seek to criminalize consensual sexual activity between peers. Id. at 897. Additionally, we pointed out the Legislature chose thirteen as the age of consent. Id. at 898. Thus, just as a child under thirteen was legally incapable of consenting to sex, such a child was equally incapable of being criminally liable for initiating sexual contact. Id. Based on the aforesaid rea-

---

1. T.H. was also present for at least some amount of time on the night of the truth or dare game.

2. At the time of B.A.M., the statutory subsections for rape and IDSI with a victim under thirteen were 18 Pa.C.S.A. §§ 3121(a)(6) and

3123(a)(6), respectively. Those subsections were later deleted and replaced by similar provisions at 18 Pa.C.S.A. §§ 3121(c) (rape of a child) and 3123(b) (IDSI with a child). Subsection 3121(c) is at issue in this case.

soning, we vacated the conviction of the eleven-year-old B.A.M. *Id.*

¶ 13 What mattered in *B.A.M.* was not just that the sexual partners were close in age but that the appellant, being under thirteen, was not liable for his conduct. Here, while the difference in age between N.A. and C.G. was not numerically significant, that difference was indeed legally significant. In particular, C.G., being thirteen, was legally capable of consenting to and initiating sex while N.A., being under thirteen, was not. As such, C.G. and N.A., while approximate chronological peers, were not legal peers.

¶ 14 Appellant has simply offered no authority persuading us of her premise that a thirteen-year-old child cannot be legally liable for a sex offense. Indeed, case law reveals that thirteen-year-old children have at times been held accountable for sex crimes. *See In the Interest of J.R.,* 436 Pa.Super. 416, 648 A.2d 28 (1994) (discussing conviction of thirteen-year-old J.R. for indecent assault and IDSI). Because Appellant's argument is based on her unsubstantiated premise that N.A. could not commit the rape of a child, her argument fails.

### Issue # 2

■ ¶ 15 Appellant next argues she could not be convicted of soliciting the rape of a child because the evidence failed to establish she knew N.A. was under thirteen. As Appellant acknowledges, the underlying crime of rape of a child is a strict liability offense, thus imposing liability for one who engages in the prohibited conduct regardless of whether the offender knew the age of the victim. *See Commonwealth*

*v. Dennis,* 784 A.2d 179, 181–82 (Pa.Super.2001). However, Appellant argues the solicitation statute requires the specific intent to promote or facilitate the commission of a crime. Thus, according to Appellant, the Commonwealth needed to prove she had the specific intent to promote or facilitate the rape of a victim under thirteen.

¶ 16 The solicitation statute reads as follows:

### § 902. Criminal solicitation

(a) **Definition of solicitation.**—A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S.A. § 902.

■ ¶ 17 The words of this statute clearly specify its intent requirement. To be guilty of the inchoate crime of solicitation, it is not enough that a person, such as Appellant, command, encourage or request another person, such as N.A. or C.G., to engage in specific conduct which would, in turn, constitute the crime in question. Rather, the person must do so while having the intent to promote or facilitate the commission of the crime. Thus, there must be a specific intent to accomplish the elements of that crime. Without evidence that Appellant knew N.A. was under thirteen, a jury could not conclude Appellant intended to promote or facilitate the rape of someone under thirteen.[3]

---

3. The statute does not require the Commonwealth to prove a defendant knew certain conduct was illegal. Indeed, knowledge of the law is not generally an element the Commonwealth must prove. *See* 18 Pa.C.S.A.

§ 302(h). However, the statute before us does require the Commonwealth to establish the defendant intended to accomplish the commission of the crime, *i.e.,* the elements of the offense, regardless of whether the defen-

¶ 18 We are quite aware that the purpose or spirit underlying the choate crime of rape of a child is to protect children regardless of the specific knowledge or intent of the person engaging in the rape. *See Dennis*, 784 A.2d at 181–82. That purpose could be served by construing the solicitation statute to impose criminal liability where a person commands, encourages or requests certain conduct regardless of whether the person also has the requisite intent that such conduct actually accomplish the rape of someone under thirteen. However, the rules of statutory construction prohibit us from construing a statute contrary to its clear letter under the pretext of pursuing its purpose or spirit. 1 Pa.C.S.A. § 1921(b). Thus, we are constrained to read the statute as it is— namely, requiring not just the promotion of certain conduct but also the presence of an intent to accomplish a crime, in this case the rape of someone under thirteen. Without knowledge that a particular victim is under thirteen, the person promoting the conduct does not have the requisite intent to accomplish the rape of a child.

¶ 19 Along these same lines, we note the following. The Legislature could have crafted solicitation subsections dealing with strict liability offenses such as the rape of a child. In those subsections, the Legislature could have chosen words imposing solicitation liability *on persons who command, encourage or request certain conduct even where the person did not have the intent to facilitate the commission of a particular crime. In short, the Legis-*

lature could have criminalized the mere solicitation of conduct without requiring that such solicitation also be accompanied by the specific intent to accomplish a criminal objective. In so doing, the Legislature would have rendered congruent the crimes of rape of a child and solicitation to commit that rape. Both would turn on the actual conduct of the offender and the age of the victim. Under the present wording of the solicitation statute, however, that statute, unlike the rape of a child statute, requires a *mens rea* of intent to commit a crime. In this case, that crime was the rape of a child under thirteen.[4] *See also Commonwealth v. Crabill*, 926 A.2d 488 (Pa.Super.2007) (explaining that the inchoate crime of attempt requires the *mens rea* of intent to commit a specific crime).

¶ 20 Having determined the Commonwealth had the burden to prove Appellant knew N.A. was under thirteen, we must decide whether the Commonwealth did so. Our standard for evaluating the sufficiency of the evidence is as follows:

> ... [W]e consider the evidence in the light most favorable to the Commonwealth as verdict winner. In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. We keep in mind that it was for the trier of fact to determine the weight of the evidence and the credibility of witnesses. The jury was free to believe all, part or none of the evidence. This Court may

dant knew there was a statute criminalizing certain behavior.

4. *Both parties mention 18 Pa.C.S.A. § 3102, a statute addressing the defense of mistake of age. That statute is simply not applicable to this case. It deals with defenses a defendant may or may not raise to certain charges. We are addressing elements the Commonwealth* must prove, not affirmative defenses. Moreover, by its very words, that statute is limited to criminality arising "in this chapter," meaning Chapter 31 of the Pennsylvania Consolidated Statutes. Appellant was not charged under Chapter 31. She was charged under Chapter 9, specifically with solicitation under 18 Pa.C.S.A. § 902.

not weigh the evidence or substitute its judgment or that of the factfinder. *Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa.Super.2006) (internal citations omitted).

Any doubts concerning an appellant's guilt were to be resolved by the trier of fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom. *Commonwealth v. Pitner*, 928 A.2d 1104, 1108 (Pa.Super.2007).

*Commonwealth v. West*, 937 A.2d 516, 523 (Pa.Super.2007).

¶ 21 Here, the Commonwealth did not introduce evidence establishing what Appellant knew or believed about N.A.'s age. Appellant testified she knew C.G., her nephew, was thirteen. She indicated she thought N.A. was around the same age but was not sure. Thus, there was no testimony that Appellant knew N.A.'s age. Additionally, the evidence of what Appellant believed about N.A.'s age was so weak that no probability that she believed N.A. was under thirteen can be drawn. Thus, even when viewed most favorably to the Commonwealth, the evidence did not prove Appellant knew or believed N.A. was under thirteen—*i.e.*, that Appellant had the requisite intent to accomplish the rape of a child. As such, the evidence was insufficient to prove beyond a reasonable doubt Appellant's guilt of solicitation to commit the rape of a child. Accordingly, that conviction cannot stand. Appellant's conviction and judgment of sentence at Count 1, solicitation, are reversed.

¶ 22 Although we reverse Appellant's conviction at Count 1, we will address her remaining issues as they relate in large measure to the remaining counts.

### *Issue # 3*

¶ 23 Appellant next challenges her conviction for dissemination of explicit sexual materials to minors. This conviction was based on Appellant's conduct of showing N.A. and T.H. sexual images on Appellant's computer. Appellant's argument is that the term "disseminate" is not defined in the relevant statute, 18 Pa.C.S.A. § 5903, and, according to her, disseminating does not include her conduct of showing, displaying or exhibiting sexually explicit images. She is correct that the term "disseminate" is not specifically defined in 18 Pa.C.S.A. § 5903. Nevertheless, for the reasons that follow, we find her actions fell within the conduct prohibited by the statute.

¶ 24 When non-technical words are undefined in a statute, we construe them according to their ordinary usage. *Commonwealth v. Kelley*, 569 Pa. 179, 801 A.2d 551, 555 (2002). To disseminate means to spread or send out freely or widely. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 656 (1981). It also means to foster general knowledge of, broadcast, or publicize. *Id.* Thus, the meaning of disseminate has two aspects, the first being the action of spreading, sending, fostering knowledge of, broadcasting or publicizing, and the second being that such action is directed to a widespread or general audience. At the same time, however, Subsection 5903(c) prohibits dissemination to "a minor." 18 Pa.C.S.A. § 5903(c) (emphasis added). Accordingly, the statute contemplates that dissemination can occur with respect to a limited number of victims—indeed, even just one—and that a widespread or general audience is not required. Therefore, to whatever extent the common usage of the term "disseminate" might suggest a general or widespread audience, the clear words of the statute modify that usage by criminalizing dissemination to as few as one victim. As such, dissemination, even to

only one or two victims, is prohibited by Subsection 5903(c).

¶ 25 With these considerations in mind, we have no doubt that, if Appellant had shared or advocated certain ideas or beliefs with N.A. and T.H., we would rightly say that she had disseminated her ideas or beliefs to them. She would have spread, fostered knowledge of, broadcast and/or publicized those ideas or beliefs to or among the minors. Likewise, when Appellant shared, showed, displayed, and exhibited the sexually explicit images with the minors, she disseminated those images to them. Consequently, her conduct of exhibiting the images on her computer to N.A. and T.H. constituted dissemination of those images under 18 Pa.C.S.A. § 5903(c). Her contrary argument has no merit.

### *Issue # 4*

■ ¶ 26 Appellant also complains there was a variance between the dates on which the information alleged Counts 5 (dissemination to T.H.) and 7 (corruption of T.H.) occurred and the trial evidence concerning the dates of those counts. More specifically, the information alleged all of the offenses in the information occurred between August 12 and 15, 2006. However, at trial, T.H. testified she saw the sexually explicit computer images probably in June of that year. Appellant argues this variance entitles her to a new trial.

■ ¶ 27 Unless a variance could mislead the defendant at trial, impairs a substantial right, or involves an element of surprise that would prejudice the defendant's efforts to prepare a defense, it is not fatal. *Commonwealth v. Einhorn*, 911 A.2d 960, 978 (Pa.Super.2006). For the following reasons, we find Appellant has not shown the particular variance at issue had such an effect as to warrant relief.

¶ 28 Initially, we observe Appellant's defense at trial was that she never showed any of the images to the minors. Indeed, she testified to this effect. Thus, it does not appear the dates were critical to her defense. Nevertheless, we recognize that, even where a defendant denies any criminal conduct at any time, there might also be alibi or other date-sensitive defenses available. In this vein, Appellant claims that not knowing the appropriate dates meant she had no opportunity to determine if there were witnesses or other evidence that would buttress her claim of innocence. However, she makes no attempt whatsoever to demonstrate to us that there actually were any such witnesses or items of evidence. Now aware of the time frame of T.H.'s allegation, she makes no proffer of what witnesses or evidence she would have introduced had she been more aware of the dates before trial. She does not claim or demonstrate that she would have had an alibi.

¶ 29 In a similar argument, Appellant contends that denying the offense ever happened does not mean that knowing the time frame was unimportant. As a theoretical proposition, this statement may well be true. However, Appellant fails to offer any elaboration on this claim to demonstrate what the importance of knowing the time frame was to her in her particular case.

¶ 30 In short, Appellant seems to claim that a variance in dates might mislead, impair the rights of, or surprise some defendant in some case. She does not, however, demonstrate the variance in this case could have misled her, impaired her particular rights or surprised her. As such, she has not shown the variance entitles her to relief.

¶ 31 In any event, there is an even more fundamental reason why Appellant cannot succeed. Specifically, Appellant's own

brief claims that, before trial, she made an oral motion to sever the charges involving T.H. She acknowledges the motion was premised on the notion that T.H.'s allegations involved events several weeks before the aforesaid August dates. Indeed, the trial transcript confirms that, immediately before trial, Appellant did in fact request severance and, while doing so, argued that police reports revealed T.H. was claiming Appellant showed her sexually explicit pictures on dates other than those in the information. Thus, Appellant was aware, pretrial, that the dates involving T.H. were not the same as the August dates alleged in the information.[5] Accordingly, Appellant has, again, failed to persuade us that she was misled or surprised, that any of her substantial rights were impaired, or that the preparation of her defense was otherwise prejudiced by any variance between the information and the trial evidence. As such, Appellant's claim fails.

### Issue # 5

¶ 32 Appellant next raises multiple arguments as to why the court's jury instructions concerning solicitation were improper. As we have reversed her solicitation conviction, those arguments are moot. Therefore, we will not address them.

### Issues ## 6 and 7

¶ 33 Appellant complains the court erred in denying her requests for severance.[6] Her position is that evidence relating to dissemination and corruption by dissemination (Counts 2, 5, 6 and 7) would not have been admissible in a separate trial involving solicitation and corruption by so-

licitation (Counts 1, 3 and 4), and, conversely, evidence of solicitation/corruption by solicitation would not have been admissible in a trial involving dissemination/corruption by dissemination. Thus, she claims Counts 2, 5, 6 and 7 should have been severed from Counts 1, 3 and 4. Appellant also claims the charges involving T.H. (Counts 5 and 7) should have been severed from all the other charges because T.H. was not involved in the incidents that concerned N.A. and C.G. For the following reasons, Appellant's claims warrant no relief. We begin with several relevant legal principles.

¶ 34 *Legal Principles.* The Rules of Criminal Procedure provide that offenses may be joined in a single information if: (1) the evidence of each of the offenses would be admissible in a separate trial for the other and (2) the evidence of each is capable of separation by the jury so that there is no danger of confusion. Pa.R.Crim.P. 563(A)(1). To determine whether evidence of each offense would be admissible in a separate trial for the others, we can look to Pa.R.E. 404(b). Evidence of other offenses is not admissible to prove the character of a defendant in order to show conduct in conformity therewith. Pa.R.E. 404(b)(1). However, evidence of other offenses may be admitted if that evidence is relevant to a permissible purpose such as proving the defendant's motive, plan or preparation for the particular offense being tried. *Commonwealth v. Dillon,* 592 Pa. 351, 925 A.2d 131, 137 (2007); Pa.R.E. 404(b)(2). Similarly, evidence of other offenses may also be admitted if relevant to explain the context or

---

5. The transcript does not make entirely clear how long before trial Appellant learned about the difference in the dates. However, Appellant has not developed any argument suggesting she received the aforesaid police reports late *(i.e.,* in violation of the discovery rules)

such that she was surprised by the dates of the various charges against her.

6. Appellant filed a written pretrial motion for severance and also raised an oral motion before trial.

complete story of the events surrounding the subject at issue—that is, to demonstrate the chain of events that formed the history and natural development of the charge or charges under consideration. *Dillon*, 925 A.2d at 137. Of course, evidence of other offenses, even if relevant to permissible purposes such as the aforesaid, can ultimately be admitted only if the probative value of that evidence outweighs the potential for prejudice that might arise by virtue of the admission thereof. Pa.R.E. 404(b)(3). The particular prejudice that Rule 404(b)(3) seeks to prevent is the misuse of the other-offense evidence—specifically, that jurors might convict a defendant because they perceive the defendant has a bad character or propensity to commit crimes. *Dillon*, 925 A.2d at 137.

¶ 35 Thus, to determine if evidence of other offenses is admissible under Pa.R.E. 404(b), we must first assess whether the evidence of the other offenses is relevant to a permissible purpose and second assess whether its probative value outweighs its potential for prejudice. If the evidence of other offenses is admissible under Pa.R.E. 404(b), then the first requirement of Pa.R.Crim.P. 563(A)(1) is satisfied. We would then determine, under the second requirement of Pa.R.Crim.P. 563(A)(1), whether the admitted evidence is capable of separation by the jury so there is no danger of confusion. Plainly, the prejudice analysis under Pa.R.E. 404(b) and the second requirement of Pa. R.Crim.P. 563(A)(1) may overlap to some extent. Nevertheless, we will proceed through both steps of both rules to reach an ultimate conclusion as to whether joinder was appropriate under Pa.R.Crim.P. 563(A)(1).

¶ 36 Additionally, we note our standard of review of a court's denial of a motion to sever offenses is abuse of discretion. *Commonwealth v. Grillo*, 917 A.2d 343, 343 n. 1 (Pa.Super.2007). An abuse of discretion is not a mere error in judgment but, rather, involves bias, prejudice, partiality, ill will, manifest unreasonableness, or a misapplication of law. *Commonwealth v. Carroll*, 936 A.2d 1148, 1152–53 (Pa.Super.2007).

¶ 37 *Analysis–Relevance Under Pa.R.E. 404(b)(2):* Appellant's act of showing N.A. sexually explicit images was part of the sequence of events leading to the point in the evening when Appellant dared and/or told N.A. to engage in oral sex with C.G. The evidence of the dissemination was thus part of the natural development and history of the solicitation. Similarly, evidence that Appellant showed N.A. the sexual images was relevant to show the actual details of Appellant's plan and preparation for her eventual solicitation of sex between the minors. That is, showing N.A. the images may well have prepared or encouraged her to take part in sex with C.G. Thus, showing the images to N.A. laid the groundwork for the eventual sexual contact between N.A. and C.G. Accordingly, we find the evidence that Appellant disseminated the images to N.A. was relevant to the natural development, history, plan, and preparation of the solicitation involving both N.A. and C.G.

¶ 38 Just as the act of dissemination was relevant to the Commonwealth's effort to prove solicitation, evidence that solicitation actually took place was relevant to prove that Appellant had engaged in the earlier dissemination. For example, the act of solicitation revealed to the jury what motive Appellant had in mind when she showed N.A. the images earlier in the evening. Specifically, once the jury heard from N.A. and C.G. that Appellant had solicited sexual conduct, the jurors, looking backward, could reasonably conclude Appellant had a reason or motive to dissemi-

nate the images to N.A., namely to prepare or encourage her to engage in sex with C.G. later that night. By convincing the jury that Appellant had a motive to disseminate the images, the Commonwealth served its goal of proving that she did indeed disseminate them. It is true that the Commonwealth was not required to prove motive. *Commonwealth v. Dougherty*, 580 Pa. 183, 860 A.2d 31, 36 (2004). Still, showing that Appellant had a motive to disseminate the images could surely help convince the jury that she did indeed disseminate those images. Thus, evidence of the actual solicitation was relevant, in a retrospective fashion, to prove the charges of dissemination because the evidence of solicitation explained Appellant's motive for the earlier crime of dissemination. In sum, just as evidence of dissemination was relevant to prove solicitation, evidence of solicitation was relevant to prove dissemination.

■ ¶ 39 As to the offenses involving T.H., Appellant claims T.H. was not involved in the offenses listed in the counts concerning N.A. and C.G. This assertion does not persuade us that the counts involving T.H. lacked relevance to the other counts. The dates of the incidents involving T.H. were not substantially far apart from the dates involving N.A. and C.G. Both incidents occurred during the same summer, separated by at most two months. Moreover, the two images T.H. saw were among those later seen by N.A. Additionally, the images were apparently shown to both girls on the same computer in the same apartment. Of course, T.H. was, like the other complainants, a minor and was friends with N.A. Both girls visited Appellant's apartment together on several occasions during the summer of 2006. Similarly, T.H. and C.G. were present in the apartment together various times. Finally, although T.H. was not present at the precise time of the eventual solicitation involving N.A. and C.G., she had some connection to that incident in that she was present during some part of the truth or dare game and then left the apartment before the solicitation.

■ ¶ 40 This interrelation among the complainants and the similarity of factual circumstances demonstrates Appellant's common scheme, plan or design to disseminate the same sexually explicit images to the minors at the same location during the same summer. Evidence of other offenses may be admitted to show a common scheme, plan or design. *Commonwealth v. O'Brien*, 836 A.2d 966, 970 (Pa.Super.2003). Even more specifically, evidence of a common scheme, plan or design involving various similarly situated complainants is relevant to bolster the credibility of those complainants. *Id.* In this case, when cross-examining the minor complainants, Appellant challenged their accuracy and/or memories. Accordingly, the evidence involving each complainant was relevant to bolster the credibility of each other complainant.

¶ 41 Moreover, at trial, Appellant denied ever showing the images to either N.A. or T.H. She also indicated that both N.A. and T.H. might have seen the images without her knowledge. The fact that two separate minors both testified that Appellant showed the images to each of them tends to deflate her claim that either one saw the images without her knowledge. Thus, the evidence tends to prove she acted intentionally. Intent is a permissible purpose for introducing other bad acts. Pa.R.E. 404(b)(2).

■ ¶ 42 *Analysis—Probative Value Versus Potential for Prejudice Under Pa. R.E. 404(b)(3):* Based on the foregoing discussion, we find the aforesaid evidence involving each count had relevance to permissible purposes with respect to each oth-

er count. However, this is only one step in our analysis because such relevant evidence would ultimately be admissible under Pa.R.E. 404(b) only if its probative value outweighed its potential for prejudice. Here, such is the case. First, the record suggests the probative value of the evidence was substantial. As we have already explained, much of the evidence related not just to one, but to several important questions such as plan, preparation, history of the case, intent and/or common scheme or design. Moreover, it appears the evidence was not just minimally relevant but, rather, served as fairly direct, logical and elucidating evidence concerning Appellant's criminal motives and actions.

¶ 43 Second, the potential for prejudice was slight. This was not a case where truly unrelated bad acts were offered to besmirch the defendant's character. The proof did not tend to show Appellant was a bad person in any way other than with respect to the specific conduct at issue. It is also worth noting that the evidence we have discussed was provided by the three complainants in fairly straight-forward, clear manners. The testimony of each witness was not particularly long, and the record does not suggest the evidence was difficult for the jury to understand. The various offenses, both factually and legally, were not very complex. Thus, the evidence at issue was not presented in some confusing or distracting way causing the jurors to lose sight of the specific charges under consideration. Given the materiality of the aforesaid evidence, its relative brevity and the lack of complexity in this case, we find the probative value of the questioned evidence outweighed its potential for prejudice.

¶ 44 As the probative value of the relevant evidence outweighed its potential for prejudice, the evidence of the various counts was admissible with respect to the other counts under Pa.R.E. 404(b).

■ ¶ 45 *Analysis—Joinder Under Pa.R.Crim.P. 563(A)(1):* Because the evidence of the various counts was admissible as to the other counts, such evidence would have been admissible in distinct trials had the counts had been tried separately. Therefore, the first requirement of Pa. R.Crim.P. 563(A)(1) is satisfied. Moreover, consistent with our Rule 404(b) analysis concerning the lack of prejudice to Appellant, we find the evidence concerning the various counts could be separated by the jury so that there would be no danger that the jury would confuse the charges or issues. Thus, the second requirement of Rule 563(A)(1) is likewise satisfied.

¶ 46 Given that the evidence concerning the disparate counts would have been admissible in separate trials of the other charges and given that the evidence could be separated by the jurors without danger of confusion, the offenses were properly joined in one information pursuant to Pa. R.Crim.P. 563(A)(1). Finally, the record reflects no bias, prejudice, partiality, ill will, manifest unreasonableness, or misapplication of law by the trial court in denying the motion to sever the trials of the various offenses. Accordingly, Appellant is not entitled to relief on this claim.

### Issue # 8

¶ 47 Appellant contends the court should have granted her request for a mistrial because T.H.'s testimony as to the dates on which she was shown the sexually explicit images differed from the dates in the criminal information. To some extent, this argument relates both to Appellant's claim of variance and to her claim that the evidence concerning T.H. was not admissible in the trial of charges involving N.A. and C.G.

¶ 48 As we have already observed, Appellant has failed to persuade us that any variance between information and trial evidence prejudiced her. She has also failed to persuade us that evidence concerning T.H. was not admissible with respect to the charges involving N.A. and C.G. or vice versa. Accordingly, we are not convinced the court should have granted a mistrial.

### *Conclusion*

¶ 49 Based on the foregoing discussion, Appellant's conviction at Count 1, solicitation, cannot stand. Therefore, we reverse the conviction and judgment of sentence at that count.

¶ 50 Our reversal of the judgment of sentence at Count 1 plainly upsets the sentencing scheme because it leaves Appellant with an aggregate sentence of six to twelve months rather than five to ten years. Thus, although we affirm her convictions on Counts 2 through 6, we must vacate the sentences imposed on those counts and remand for resentencing thereon. *Thur*, 906 A.2d at 569 (stating this Court must remand for resentencing where our decision upsets the sentencing scheme).

¶ 51 Conviction and judgment of sentence at Count 1, solicitation, reversed. Convictions at Counts 2 through 6 affirmed. Judgment of sentence at Counts 2 through 6 vacated. Case remanded for resentencing at Counts 2 through 6. Jurisdiction relinquished.