J-A08037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: R.F., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF R.F., A MINOR | : | No. 1498 EDA 2015 |

Appeal from the Dispositional Order May 1, 2015
in the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0000670-2015

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.:              **FILED JUNE 07, 2016**

R.F. (Appellant) appeals from the dispositional order entered on May 1, 2015, following his adjudication for possession of a firearm by a minor, 18 Pa.C.S. § 6110.1.  We affirm.

The juvenile court summarized the relevant factual history of this case as follows.

> On March 28, 2015 at approximately 4:00 AM, Philadelphia Police Sergeant Daniel Ayres, Badge #8556, assigned to the 19th Police District, was parked in a patrol vehicle near 1 South 53rd Street in Philadelphia County. Sergeant Ayres observed a 2008 black Chevy Malibu, bearing a Pennsylvania license plate, JPW-7057, with tinted windows throughout the vehicle. The vehicle drove past Sergeant Ayres. Sergeant Ayres performed a DMV check of the license plate, and learned that the license plate was in suspended status, "registration suspended for Type A, return check."  Sergeant Ayres followed the vehicle and the vehicle went around the block. Sergeant Ayres activated his lights, stopped the vehicle, and performed a vehicle investigation at 53rd Street and Chestnut Street, which was at an approximate distance of two blocks from the location of initial observation. The vehicle pulled over immediately after the officer activated his lights.
>
> Sergeant Ayres observed five males inside of the vehicle and activated his spotlight to illuminate the vehicle. [Appellant]

_____

*Retired Senior Judge assigned to the Superior Court.

was the rear, passenger-side passenger. Sergeant Ayres noticed that [Appellant] and the middle-rear passenger, Dawon Mack [(Mack)], immediately began looking towards one another, huddling towards one another, and looking back at the police vehicle. The two passengers kept moving around for approximately five to ten seconds, and then the middle-passenger put his arm around [Appellant]. As Sergeant Ayres approached the vehicle, he ordered all of the males in the vehicle to keep their hands visible.

The front passenger was nervous and handed a handful of paperwork, rather than just handing over the registration. The front passenger, Courtland Gilliam, was the vehicle owner, but he was unsure of what he was handing the officer. Officer Denia Starks, Badge #3726, and her partner, Officer Adams, Badge #4421, then arrived to provide backup. Based on the vehicle owner's nervousness and the movement of the rear passengers, Sergeant Ayres advised Officer Starks to remove everyone from the vehicle, beginning with the rear passengers.

Officer Starks first removed [Appellant], patted him down for safety, and placed him toward the back of her vehicle. As soon as she returned to the subject vehicle, Officer Starks immediately yelled "gun." At that point, the police officers removed and secured all of the individuals in the vehicle. Sergeant Ayres observed other officers recover a black 9-millimeter Taurus PT111, loaded with nine rounds in the magazine and one in the chamber, from the rear floorboard of the vehicle. The gun was recovered from the floorboard to the right of where Mr. Mack had been sitting and directly in front of where [Appellant] had been sitting. After the two front-seat occupants were removed, Sergeant Ayres observed on the front floorboard a clear container, similar to a pill bottle, containing marihuana, as well as a yellow container containing four packets of crack [] cocaine. Police recovered the narcotics, live-stopped the vehicle, towed the vehicle to the Parking Authority, and later recovered twenty-two additional empty containers, identical to the container containing the crack [] cocaine. Police also seized $2,414 [in United States currency] from the vehicle's owner.

Police released the driver of the car and the driver's side-rear passenger, while police arrested the other three passengers. The two individuals that were cleared by investigation did not make furtive movements and had been completely cooperative

throughout the investigation. The vehicle's owner was also transported to the emergency room for anxiety medication and treatment.

Officer Starks had removed [Appellant] from the vehicle, took his name and information, and told Officer Adams to hold onto him. Before Officer Starks could remove Dawon Mack, she noticed the gun where [Appellant] had been sitting and where his feet would have been located. Before removing anyone from the vehicle, Officer Starks also noticed furtive movements between [Mack and Appellant], and Officer Starks again instructed everyone to keep still and keep their hands "up higher". Their hands had been lap-level, and Officer Starks wanted the hands to be more elevated to be better visible.

The firearm was operable, and the barrel length was three and one-quarter inches. [Appellant] did not possess a license to carry a firearm.

Juvenile Court Opinion, 8/13/2015, at 1-3 (unpaginated) (footnotes and citations to notes of testimony omitted).

Appellant was arrested and charged with criminal conspiracy and multiple violations of the Uniform Firearms Act, including the above-referenced offense. On April 10, 2015, following a hearing, Appellant was adjudicated delinquent of possession of a firearm by a minor. Appellant timely filed a motion to reconsider. On May 1, 2015, Appellant's motion was denied and, following a dispositional hearing, he was placed at Glen Mills Schools for Boys. This timely appeal followed. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

On appeal, Appellant asks this Court to consider whether the evidence was sufficient to support the juvenile court's determination that Appellant had constructive possession of the recovered firearm. Appellant's Brief at 3.

We examine Appellant's issue mindful of the following. Our standard of review of dispositional orders in juvenile proceedings is well-settled. The Juvenile Act grants broad discretion to juvenile courts in determining appropriate dispositions. ***In re C.A.G.,*** 89 A.3d 704, 709 (Pa. Super. 2014). Indeed, the Superior Court will not disturb the lower court's disposition absent a manifest abuse of discretion. ***In the Interest of J.D.,*** 798 A.2d 210, 213 (Pa. Super. 2002).

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

***In re V.C.,*** 66 A.3d 341, 348–349 (Pa. Super. 2013) (citation and quotation marks omitted). The finder of fact is free to believe some, all, or none of the

evidence presented. *Commonwealth v. Gainer*, 7 A.3d 291, 292 (Pa. Super. 2010).

In order to allow the juvenile court to adjudicate Appellant delinquent of possession of a firearm by a minor, the Commonwealth was required to prove that (1) the weapon was a firearm as defined by the statute, (2) that Appellant was in possession of the firearm, and (3) that Appellant was under the age of 18 at the time of the offense. 18 Pa.C.S. § 6110.1(a). It is undisputed that the weapon recovered herein meets the statutory definition of a firearm and that Appellant was 17 years old at the time of the offense. However, because the firearm was not found on Appellant's person, the Commonwealth was required to prove constructive possession to establish the final element of the offense.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. … We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012) (quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. *Commonwealth v. Hopkins,* 67 A.3d 817, 820–21 (Pa. Super. 2013).

Appellant argues that he was merely present in the vehicle, which was occupied by four adults, including the owner-driver. Appellant's Brief at 10.

- 5 -

He concedes that the officers observed furtive movements but contends that "most were made, not by Appellant, who was compliant and cooperative with police, but by the other adult [Mack] seated next to him." *Id.* Additionally, he maintains that the juvenile court overlooked other "reasonable possibilities," namely that Mack placed the firearm at Appellant's feet "before or after" Appellant was removed from the vehicle, and under such circumstances, the Commonwealth's evidence was insufficient to prove constrictive possession. *Id.*

We disagree. The facts presented herein are sufficient to establish that Appellant knew of and intentionally exercised control over the firearm. Sergeant Ayres testified that he pulled over the subject vehicle and its five occupants at approximately 4:00 in the morning. N.T., 4/10/2015, at 5. Upon shining his spotlight on the stopped vehicle, he observed Appellant and Mack, the two passengers in closest proximity to the recovered firearm, "looking towards each other, huddling towards each other, looking back at [his] vehicle, [and] moving around" for approximately five to ten seconds before Mack placed his arm around Appellant. *Id.* at 6, 10. He ordered the five men to keep their hands visible. *Id.* at 7. Officer Starks testified that she also saw movement between Appellant and Mack when the vehicle was stopped and, upon her approach to back up Sergeant Ayres, she ordered the occupants of the vehicle to remain still with their hands where she could see them. *Id.* at 22. She then removed Appellant from the vehicle and

performed a pat down. Thereafter, she observed the firearm on the rear floorboard where Appellant had been seated. *Id.* at 8.

Viewing the evidence in the light most favorable to the Commonwealth, it can be inferred Appellant and Mack attempted to conceal the firearm after the vehicle was stopped, which raises a clear inference of constructive possession. ***Commonwealth v. Johnson***, 26 A.3d 1078, 1093–1094 (Pa. 2011) (holding that intent to maintain conscious dominion may be inferred from totality of the circumstances). The juvenile court, sitting as factfinder was free to believe any or all of the Commonwealth's evidence. Moreover, it is well-established that, in evaluating a sufficiency of the evidence challenge, "[t]his Court may not weigh the evidence or substitute its judgment or that of the factfinder." ***Commonwealth v. Hacker***, 959 A.2d 380, 388–89 (Pa. Super. 2008) (internal citations omitted). Thus, we decline Appellant's invitation to overturn the juvenile court's credibility determinations.[1]

Accordingly, we affirm the juvenile court's dispositional order.

Dispositional order affirmed.

---

[1] Additionally we note that Mack's alleged involvement in this matter is immaterial. The law is clear that multiple actors may be in joint constructive possession of contraband, ***Hopkins***, 67 A.3d at 820–821.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/7/2016