J-S57034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES WOMACK, | : | |
| | : | |
| Appellant | : | No. 89 WDA 2016 |

Appeal from the Judgment of Sentence December 14, 2015,
in the Court of Common Pleas of Westmoreland County,
Criminal Division, at No(s): CP-65-CR-0002102-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 12, 2016**

James Womack (Appellant) appeals from the judgment of sentence entered following his convictions for possession of a controlled substance, possession of a controlled substance with intent to deliver (PWID) and criminal conspiracy.  We affirm.

The trial court aptly summarized the relevant factual and procedural history of this matter as follows.

> On April 5, 2014, Agent Richard Miller (hereinafter "Agent Miller") was contacted by Lieutenant James Smith (hereinafter "Lieutenant Smith"), concerning information about [Appellant], who had an active warrant for his arrest. Lieutenant Smith informed Agent Miller that [Appellant] was staying at the Holiday Inn Express on Finley Road in Rostraver Township, gave Agent Miller a physical description of [Appellant], and advised him that [Appellant] was probably with Mr. Aaron Jackson (hereinafter "Jackson"). Agent Miller then proceeded to the Holiday Inn

_____

* Retired Senior Judge assigned to the Superior Court.

Express where he saw [Appellant] and Jackson walk through the lobby, walk to the parking lot, and enter in the rear of a maroon Ford Explorer. Agent Miller and Lieutenant Smith then followed the vehicle to the Denny's parking lot. After [Appellant] and Jackson exited the vehicle and stood in front of the Denny's entrance, Agent Miller, Lieutenant Smith, and Sergeant Joe Dugan (hereinafter "Sergeant Dugan") approached them. The [o]fficers told [Appellant] he was under arrest, [Appellant] complied, and was subsequently taken into custody.

After [Appellant] was handcuffed, Agent Miller conducted a search where he found U.S. currency totaling $3,014.00, sixteen (16) bags of heroin, two cellular phones, a hotel key card for the Holiday Inn Express, and a Pennsylvania photo identification card with the name of Matthew Wall from Monessen. Agent Miller explained that these particular stamp bags of heroin were marked "Taco Bell," and came with wrapping paper, which is typically used to package heroin. However, Agent Miller did not find any drug paraphernalia on [Appellant]. [Appellant] was then transported to Rostraver Police Department.

While Agent Miller was interacting with [Appellant], Lieutenant Smith witnessed Jackson make "furtive" movements, which resulted in Lieutenant Smith handcuffing him, patting him down, and finding a brick of heroin on his person. The bags found on Jackson were also marked "Taco Bell." Lieutenant Smith further found a brick wrapper, around $1,200.00 in U.S. currency, and a hotel key marked 5-A inside a sleeve marked 313. However, Lieutenant Smith did not find any paraphernalia on Jackson's person nor marks of drug use.

Agent Miller and Lieutenant Smith then returned to the Holiday Inn Express to inquire about who was renting room 313. The clerk told them that it was rented out by a man named Rick Evans, and Ann Malys (hereinafter "Malys"), the hotel manager, subsequently provided records indicating the same at trial. Malys explained that photo identification is required in the check-in process and that normally only two cards are given out per room; Room 313 was rented at approximately 3:53 in the afternoon. She testified that the room was rented for one night and paid for in cash. Malys testified that she was not at work on [the previous day,] April 5, 2014.

- 2 -

The [o]fficers then went to the room and knocked and announced that it was the police. The [o]fficers were able to enter Room 313 by the means of the hotel key found on [Appellant]. Officer Crawford of the Rostraver Police also arrived on the scene and entered the hotel room as well. At this point, no one was in the room and Agent Miller instructed Officer Crawford to guard the room and not let anyone enter until they returned with a search warrant. The [o]fficers obtained a search warrant around 9:30 p.m. and returned to the hotel around 9:40 at night. Agent Miller, Lieutenant Smith, Officer Crawford, Officer Dorcon, and Officer Rush participated in the search of the hotel room.

When searching the hotel room, Agent Miller and Lieutenant Smith did not find any drug paraphernalia. However, Lieutenant Smith found thirteen (13) bricks of heroin wrapped in magazine paper, and then in a plastic bag under a mattress, closest to the window. The bags were marked "Taco Bell." He also found wrappings from bricks of heroin in the center drawer of the nightstand. Lieutenant Smith testified that the total amount of heroin stamp bags found in the hotel room was six hundred and sixty-six (666) bags. Six hundred and sixty-four (664) of the stamp bags were marked as "Taco Bell" while two of the bags were not stamped. The parties stipulated that the drugs seized were heroin and the amount contained in the reports were correct.

Trial Court Opinion, 3/10/2016, at 1-3 (citations to notes of testimony omitted).

This matter proceeded to a jury trial on July 6, 2015, at the conclusion of which, Appellant was found guilty of the aforementioned charges.[1] On December 14, 2015, Appellant was sentenced to an aggregate term of 30 to 60 months' incarceration followed by a consecutive term of three years'

---

[1] Although the record indicates that 16 stamp bags of heroin marked "Taco Bell" were recovered from Appellant's person, the Commonwealth proceeded to trial only on the possession, PWID and criminal conspiracy counts related to the two bricks of heroin found during the search of room 313. **See** Criminal Information, 6/2/2014; N.T., 7/6-8/2015, 303-304.

probation. This timely-filed appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant asks us to consider whether the evidence was sufficient to convict him of PWID, possession and criminal conspiracy with respect to the heroin recovered from the Holiday Inn Express. Appellant's Brief at vii.

Before we address Appellant's issues on the merits, we must determine whether they have been preserved properly for our review. With respect to sufficiency-of-the-evidence claims, it is well-settled that the 1925(b) statement must specify the element or elements upon which the evidence was insufficient, or the claim may be waived. *Commonwealth v. Williams*, 959 A.2d 1252, 1257-58 (Pa. Super. 2008). However, even if a sufficiency claim is vague, this Court may review it where the case is straightforward, the record is not long and complex, the trial court readily apprehended the appellant's claim, and the trial court thoroughly addressed the merits of the claim in its opinion. *Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007).

In his 1925(b) statement, Appellant asserts general sufficiency challenges for each of his three convictions, but fails to specify which element or elements of each crime he is challenging. Appellant's Concise Statement, 2/19/2016. Nonetheless, in its 1925(a) opinion, the trial court addressed each claim in turn. Trial Court Opinion, 3/10/2016, at 3-9.

Accordingly, we decline to find waiver. **Laboy, supra**. We now turn to Appellant's substantive claims.

Appellant argues that the Commonwealth failed to present evidence sufficient to prove that Appellant knew the recovered heroin was in room 313 and failed to present evidence of an agreement between Appellant and Jackson to sell the heroin. Appellant's Brief at 2.

The standard we apply in reviewing the sufficiency of the evidence is

> [whether,] viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

Instantly, Appellant was convicted of two possessory offenses, PWID and possession, as well as one count of criminal conspiracy with respect to the two bricks of heroin recovered from room 313.

> When contraband is not found on the [Appellant's] person, the Commonwealth must establish constructive possession…. Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control. [T]wo actors may have joint control and

- 5 -

equal access and thus both may constructively possess the contraband. The intent to exercise conscious dominion can be inferred from the totality of the circumstances.

To establish the offense of possession of a controlled substance with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the [Appellant] possessed a controlled substance with the intent to deliver it.

The trier of fact may infer that the [Appellant] intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the [Appellant].

Thus, possession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption.

*Commonwealth v. Jones*, 874 A.2d 108, 121-22 (Pa. Super. 2005) (citations and quotation marks omitted).

The trial court addressed Appellant's claims with respect to his possessory offenses as follows.

In this case, the jury heard testimony from Agent Miller describing the items found on [Appellant's] person, which consisted of U.S. currency totaling $3,014.00, sixteen (16) bags of heroin, two cellular phones, a hotel key card for the Holiday Inn Express, and a Pennsylvania photo identification card with the name of Matthew Wall from Monessen. Agent Miller explained that these particular stamp bags of heroin were marked "Taco Bell," and came with wrapping paper, which is typically used to package heroin. The [o]fficers were then able to enter Room 313 by the means of the hotel key found on [Appellant]. After receiving a search warrant, Lieutenant Smith found thirteen (13) bricks of heroin wrapped in magazine paper, and then in a plastic bag under a mattress, closest to the window. The bags were also marked as "Taco Bell."

- 6 -

Given the testimony presented at trial, [Appellant] is not a person registered [] to possess a controlled substance. Clearly, heroin is a controlled substance. Here, the jury heard that it was confirmed after testing from the Greensburg State Police Crime Lab that the powder contained heroin and heroin is a Schedule I controlled substance. Moreover, the jury heard testimony from Tristan Wenzig, a technical support operator and a criminal analyst, who confirmed that the currency found on [Appellant] was tested by an ion scan for narcotics, which resulted in a positive reading for heroin on the currency.

* * *

[Additionally,] the jury heard testimony from Detective Anthony Marcocci (hereinafter "Detective Marcocci"), an expert in the area of narcotics and narcotics investigations, who opined that, taking into consideration the factors of the amount of cash, the fact that the stamp bags marked "Taco Bell" in green ink found on [Appellant's] person matched the stamps found in the hotel room, and the possession of the hotel key to the same hotel room where the large amount of heroin was found, [Appellant] possessed the heroin for distribution. Specifically, he testified that heroin users usually do not have any significant amount of money to buy heroin. He testified that [it is] his experience that drug dealers will typically "post up" in a hotel room, have another person sign them in, and pay in cash. Further, he testified that six hundred and sixty-six (666) stamp bags was a large amount of heroin and is not consistent with personal use.

* * *

[W]hile Jackson testified that [Appellant] was not involved in the sale of narcotics and that he never told [Appellant] about the drugs in the hotel room, he testified that [Appellant] did, in fact, meet him at the Holiday [Inn] Express and purchase the two bundles of heroin that were allegedly on his person.

* * *

[Additionally, t]he jury heard testimony that both [Appellant] and Jackson had access to Room 313, which was established when hotel room keys for Room 313 were found on

each of them. By having access to Room 313, they both, in fact, had control over the heroin. [Appellant's] possession of the same brand of heroin on his person established his intent to control the larger stash of heroin in the hotel room.

Trial Court Opinion, 3/10/2016, at 4-5, 7 (citations to notes of testimony omitted).

Viewed in the light most favorable to the Commonwealth, the evidence presented is sufficient to demonstrate that Appellant knew of, and had the ability and intent to exercise dominion and control over, the heroin recovered from the hotel room. ***Commonwealth v. Johnson***, 26 A.3d 1078, 1093–1094 (Pa. 2011) (holding that intent to maintain conscious dominion may be inferred from totality of the circumstances). Accordingly, we conclude that the Commonwealth presented sufficient evidence to establish both possessory offenses.

To sustain a conviction for criminal conspiracy:

> [T]he Commonwealth must establish that the [Appellant] (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy.
>
> Circumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a 'web of evidence' linking the accused to the alleged conspiracy beyond a reasonable doubt. Additionally:
>
> > An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a

conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Jones*, 874 A.2d at 121-22.

The trial court found the evidence sufficient, holding that the aforementioned evidence made clear that it was Appellant and Jackson's intent to possess the heroin with the purpose of selling it, which possession constitutes an overt act in furtherance of that conspiracy. Trial Court Opinion, 3/10/2016, at 7. Moreover, the court noted that the jury found incredible Jackson's testimony that Appellant had nothing to do with selling heroin. *Id.* At trial, Jackson admitted that he had previously pled guilty to conspiring with Appellant to sell the heroin recovered in Room 313. *Id.* "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Commonwealth v. Thompson*, 934 A.2d 1281, 1285 (Pa. Super. 2007). It is well-established that, in evaluating a sufficiency of the evidence challenge, "[t]his Court may not weigh the evidence or substitute its judgment or that of the factfinder." *Commonwealth v. Hacker*, 959 A.2d 380, 388–89 (Pa. Super. 2008) (internal citations omitted). Accordingly, we find that the evidence was sufficient to establish each of the elements of criminal conspiracy. *See Jones*, 874 A.2d at 122. Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016