J-S23045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HUGO ALBERTO CABRERA | : | No. 2506 EDA 2016 |

Appeal from the Order July 29, 2016
in the Court of Common Pleas of Chester County,
Criminal Division, No(s): CP-15-CR-0002140-2015

BEFORE: OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 30, 2017**

The Commonwealth of Pennsylvania ("the Commonwealth") appeals

from the Order granting a new trial to Hugo Alberto Cabrera ("Cabrera").

We affirm.

In its Opinion, the trial court thoroughly set forth the relevant factual

and procedural background, which we adopt for the purpose of this appeal.

**See** Trial Court Opinion, 9/20/16, at 1-11.

On appeal, the Commonwealth raises the following issue for our

review:

> Whether the trial court erred when it *sua sponte* raised a claim
> based on **Birchfield v. North Dakota**,[1] and committed an
> error of law in awarding [Cabrera] a new trial, as **Birchfield** []
> does not apply retroactively to [Cabrera's] case, as the issue
> was not properly preserved by [Cabrera]?

Brief for the Commonwealth at 4 (capitalization omitted, footnote added).

---

[1] 136 S. Ct. 2160 (2016).

The Commonwealth contends that the trial court erred by raising, *sua sponte*, a **Birchfield** issue, and granting Cabrera a new trial. **Id**. at 19. The Commonwealth asserts that Cabrera waived any **Birchfield** issue, as he failed to raise the issue at or before trial. **Id**. at 20; **see also id**. at 23 (citing **Commonwealth v. Cabeza**, 469 A.2d 146 (Pa. 1983)). The Commonwealth argues that a suppression claim not raised prior to trial is waived, and cannot be raised for the first time in an oral motion for extraordinary relief at sentencing. Brief for the Commonwealth at 24. The Commonwealth claims that Cabrera's reliance on Pa.R.Crim.P. 581(B)[2] is misplaced, as "[t]his provision is primarily concerned with newly discovered and undiscoverable evidence; and not changes in the law." Brief for the Commonwealth at 29. The Commonwealth contends that Rule 581(B) "is a pre[]trial rule" which "does not permit a suppression motion to be litigated post-trial." **Id**. The Commonwealth asserts that "**Birchfield** [] does not apply where a defendant has been convicted[,] and did not raise a **Birchfield** claim; irrespective if the defendant has been sentenced." **Id**. at 32. The Commonwealth claims that "**Birchfield** does not fall within the category of non-waivable claims, as any suppression issue, even those of a

---

[2] Rule 581 concerns the suppression of evidence, and subsection 581(B) provides that "[u]nless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived." Pa.R.Crim.P. 581(B).

constitutional dimension, can be waived if not raised and preserved at all stages of the adjudication[,] up to and including the direct appeal." *Id*. at 37-38. The Commonwealth points to federal law, and argues that "for a new rule of constitutional law; retroactivity is accorded only to rules deemed substantive in character ...." *Id*. at 38 (citing *Teague v. Lane*, 109 S. Ct. 1060 (1989)). The Commonwealth contends that "[t]he *Birchfield* decision is not substantive, since it does not prohibit punishment for a class of offenders[,] nor does it decriminalize conduct." *Id*. at 39.[3]

In its Opinion, the trial court addressed the Commonwealth's issue, set forth the relevant law, and determined that the court had properly (1) granted Cabrera's Motion for extraordinary relief; (2) vacated the verdict at Count I of the Information, driving under the influence of alcohol or controlled substance, 75 Pa.C.S.A. §§ 3802(d)(1)(i) and 3802(d)(1)(iii); and (3) granted Cabrera a new trial as to that charge. *See* Trial Court Opinion, 9/20/16, at 11-21. We agree with the sound reasoning of the trial court, which is supported by the record and free of legal error, and affirm on this basis. *See id*.; *see also Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa. Super. 2016) (vacating the judgment of sentence, and remanding for a

---

[3] The Commonwealth also contends that trial counsel cannot be deemed ineffective for not anticipating the *Birchfield* decision. Brief for the Commonwealth at 41. However, as this issue was not raised in the Commonwealth's Statement of Questions Presented, we decline to address it. *See* Pa.R.A.P 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

re-evaluation of the appellant's purported consent, where the appellant only consented to the warrantless blood draw after being informed, by the police, that his refusal to submit to the test could result in enhanced criminal penalties, in violation of **Birchfield**).

Order affirmed.

Judge Olson and Judge Solano join the memorandum.

Judge Olson files a concurring memorandum in which Judge Musmanno joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017

s:\admin\sarcione\Cabrera Hugo Cmwlth Appeal 1925a.docx

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

vs. : CHESTER COUNTY, PENNSYLVANIA

HUGO ALBERTO CABRERA : NO. 15-CR-0002140-2015

: CRIMINAL ACTION—LAW

Nicholas J. Casenta, Jr., Esquire, Chief Deputy District Attorney, and
    Cynthia B. Morgan, Esquire, for the Commonwealth
Ellen B. Koopman, Esquire, for the Defendant

## O P I N I O N  *S U R*  R U L E  1 9 2 5 (a)

Before this Honorable reviewing Court is the Commonwealth's timely appeal from our grant of an oral motion for extraordinary relief made by the Defendant on the record, in open court, during his sentencing hearing. Defendant's sentencing hearing was held on July 29, 2016. Defense counsel made an oral motion for extraordinary relief at sentencing based on the recent United States Supreme Court decision of *Birchfield v. North Dakota*, 136 S.Ct. 2160 (U.S. N.D. June 23, 2016). We granted Defendant's oral motion for extraordinary relief on July 29, 2016, vacating Defendant's conviction for violating 75 Pa. C.S.A. § 3802(d)(1)(i), -(iii) (Count I) and awarding a new trial as to that charge. The Commonwealth filed its Notice of Appeal on August 5, 2016, pursuant to Pa. R.A.P. 311(a)(6), which provides that "[a]n appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from: . . . (6) *New trials.—* An order . . . in a criminal proceeding awarding a new trial where the . . . Commonwealth claims that the trial court committed an error of law.". Pa. R.A.P. 311(a)(6). The Commonwealth's Appeal is timely, *see* Pa. R.A.P. 902 ("An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal)."); Pa. R.A.P. 903(a)("Except

1

as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."), and authorized by the Rules of Appellate Procedure, Pa. R.A.P. 311(a)(6), and thus is properly before this Honorable reviewing Court.

The operative facts underlying the present appeal are as follows. On August 24, 2016 the Commonwealth filed an Information charging Defendant with one count of Driving Under Influence of Alcohol or Controlled Substance, 75 Pa. C.S.A. § 3802(d)(1)(i), -(iii), -(2) (Count I); one count of Driving on Roadways Laned for Traffic, 75 Pa. C.S.A. § 3309(1) (Count II); one count of Careless Driving, 75 Pa. C.S.A. § 3714(a) (Count III), and one count of Drivers Required to Be Licensed, 75 Pa. C.S.A. § 1501(a) (Count IV). The charges stemmed from a motor vehicle stop that occurred within the confines of Chester County, Pennsylvania on March 27, 2015. (Suppression Transcript, 3/28/16, N.T. 9-10, 14-18).

As a result of that stop, Defendant was arrested and transported by police to the hospital. (Suppression Transcript, 3/28/16, N.T. 23). At the hospital, the police read to the Defendant PennDOT's standard Form DL-26. (Suppression Transcript, 3/28/16, N.T. 23). Form DL-26, at least as in use on March 27, 2015, advised Defendant that, in the event he were to be convicted of violating 75 Pa. C.S.A. § 3802(a)(1), he would face more severe civil *and criminal penalties* if he refused to consent to the administration of a blood test. (*See* 3/28/16, Ex. C-1). The arresting officer testified that the Defendant signed the Form DL-26 after the officer read it to him (3/28/16, Ex. C-1;

2

Suppression Transcript, 3/28/16, N.T. 23-24).[1] The blood test results yielded the presence of 16 nanograms of Delta-9-THC, a marijuana constituent, and 99 nanograms of 9-Carboxy-THC, a marijuana metabolite, per milliliter of Defendant's blood. (*See* 3/28/16, Ex. C-3, Stipulation).

Armed with the results of Defendant's blood test, the Commonwealth filed its Information against Defendant charging him with the aforementioned offenses. Defense counsel filed a Motion to Suppress Evidence on February 17, 2016. In her Motion, defense counsel challenged the admissibility of the evidence obtained from the Defendant on the basis that the officer did not have the requisite quantum of cause needed to effectuate the traffic stop and on the basis that the officer exceeded his jurisdiction under the MPJA when he stopped the Defendant. Defense counsel did not argue that the blood draw directly violated the Defendant's Fourth Amendment/Article I, Section 8 rights.

We held an evidentiary hearing on Defendant's Motion to Suppress Evidence on March 28, 2016. At the close of this hearing, following a brief period for deliberation, we denied Defendant's Motion, placing our Findings of Fact and Conclusions of Law on the record in open court. We also issued a formal written Order memorializing this denial on March 28, 2016.

Following our resolution of Defendant's Motion to Suppress Evidence, the

---

[1] The Defendant's signature on the Form DL-26 appears to read "H Sagastegui". This is the same name as that which appears on the "Acknowledgement of Notice of Presentment of Information to the Court of Common Pleas and Waiver of Arraignment" appended to the front of the Information which Defendant and his counsel signed on June 17, 2015. We are not certain of the origin of the surname "Sagastegui" but it appears to have been used with some consistency by the Defendant in this matter.

parties proceeded to a stipulated-fact non-jury trial before the undersigned. Immediately prior to the trial, the Commonwealth withdrew Count III of the Information, charging Careless Driving under 75 Pa. C.S.A. § 3714(a). The Stipulation that formed the basis for the stipulated-fact non-jury trial was admitted as Commonwealth's Exhibit C-3. (3/28/16, Ex. C-3).

On the basis of those stipulations, which included the data concerning the results of Defendant's blood test, we issued a Verdict on April 1, 2016 convicting Defendant of Count I, charging Driving Under the Influence of Alcohol or Controlled Substance, 75 Pa. C.S.A. § 3802(d)(1)(i) and 3802(d)(1)(iii), both of which sections require introduction of chemical test results (in this case, a blood test), and acquitted Defendant of Count I, charging Driving Under the Influence of Alcohol or Controlled Substance, 75 Pa. C.S.A. § 3802(d)(2), the "general impairment" section relating to driving under the influence of a controlled substance only. We also acquitted Defendant of Count II, Driving on Roadways Laned for Traffic, 75 Pa. C.S.A. § 3309(1) but convicted him of violating 75 Pa. C.S.A. § 1501(a), Drivers Required to Be Licensed (Count IV). Our Verdict with respect to these latter two (2) charges is not at issue in this appeal.

As part of our April 1, 2016 Verdict, we directed the Court Administrator to schedule Defendant for sentencing at a date and time consistent with the customary business of the Court. On June 10, 2016, upon defense motion, Defendant's sentencing was continued to allow Defendant to file an application for the County's Intermediate Punishment Plan (hereinafter, "IPP") program. Defendant was approved for IPP on June 20, 2016. We reconvened on July 29, 2016 for Defendant's sentencing.

4

Between the date of the Verdict and the date of Defendant's sentencing hearing, between in fact the date of the Defendant's approval for IPP and the date of sentencing, the United States Supreme Court on June 23, 2016 issued the *Birchfield v. North Dakota* decision. *See Birchfield v. North Dakota*, 136 S.Ct. 2160 (U.S. N.D. June 23, 2016). The *Birchfield, supra* decision involved appeals by three (3) DUI defendants. *Id.* The first defendant, Danny Birchfield, refused to consent to a blood test after being advised by the arresting officer that refusing to submit to the blood test could lead to criminal punishment. *Id.* Mr. Birchfield was charged with a misdemeanor violation of his State's refusal statute and entered a conditional guilty plea. *Id.* On appeal he argued that the Fourth Amendment prohibited criminalizing his refusal to submit to the test. *Id.* The State Courts did not accept his argument, but the United States Supreme Court did. *Id.* The United States Supreme Court stated the Fourth Amendment prohibits criminalizing refusals to consent to blood tests. *Id.* The second defendant, William Robert Bernard, Jr., refused to take a breath test after being advised by the arresting officer that his refusal would be considered a crime under Minnesota law.[2] *Id.* The United States Supreme Court concluded that the Fourth Amendment permits a State to compel warrantless breath tests incident to arrests for drunk driving. *Id.* Finally, the third defendant, Steven Michael Beylund, agreed to have his blood drawn after being advised that a refusal to do so would constitute a crime under North Dakota law. *Id.* After the blood test yielded a result of 0.250%, more than three (3) times the State's legal limit, administrative proceedings were initiated that resulted in defendant Beylund's driver's

---

[2] The cases involving the first and third defendants in *Birchfield, supra*, arose in North Dakota, while Mr. Bernard's case arose in Minnesota. *Birchfield, supra*. The three cases were consolidated for argument before the United States Supreme Court. *Id.*

license being suspended for two (2) years. *Id.* The defendant appealed the administrative suspension. *Id.* The North Dakota District Court rejected defendant Beylund's claim that his consent to the blood draw was coerced and involuntary due to the fact that the arresting officer advised him that refusal would constitute a crime. *Id.* Relying on what was then its own, pre-United States Supreme Court, decision in *Birchfield*, the North Dakota Supreme Court affirmed the lower court's determination that defendant Beylund's consent was voluntary. *Id.* The United States Supreme Court, however, did not agree. *Id.* Holding that the North Dakota Supreme Court erroneously assumed that the State could permissibly compel both blood and breath tests, the United States Supreme Court remanded defendant Beylund's case to the North Dakota State Courts to determine whether defendant Beylund's consent to the administration of the blood test was voluntary under the totality of the circumstances given the "partial inaccuracy of the officer's advisory." *Id.*

In the weeks following the United States Supreme Court June 23, 2016 pronouncement in *Birchfield, supra,* the Commonwealth allowed every as-yet un-sentenced defendant who had previously tendered an open plea to violations of the *per se* provisions of § 3802 of the Motor Vehicle Code, those provisions that require chemical testing to establish the violation, to re-plead to the applicable "general impairment" provisions that do not require any chemical test results. (Sentencing Hearing, 7/29/16, N.T. 4-5). As we stated earlier, we had already acquitted Defendant of the applicable "general impairment" charge levied here, 75 Pa. C.S.A. § 3802(d)(2). Principles of Double Jeopardy would thus prevent this Court from convicting Defendant of violating 75 Pa. C.S.A. § 3802(d)(2) for the incident forming the basis of the above-captioned matter,

6

*see* 18 Pa. C.S.A. § 109(1); thus, the option of vacating Defendant's conviction on Count I for violating 75 Pa. C.S.A. § 3802(d)(1)(i), -(iii) and substituting a conviction for or plea to 75 Pa. C.S.A. § 3802(d)(2) was not available to the Commonwealth here, and, if Defendant's conviction under 75 Pa. C.S.A. § 3802(d)(1)(i), -(iii) were to be removed, the Commonwealth would have no recourse to penalize the Defendant for his intoxicated driving and would be relegated to punishing Defendant, if at all, for his summary violation of 75 Pa. C.S.A. § 1501(a) only.

At Defendant's sentencing hearing on July 29, 2016, which followed, as we just mentioned, a string of cases re-pleaded, as we indicated, to accommodate the concerns raised by the United States Supreme Court's *Birchfield, supra,* decision, the following exchange occurred.

> [THE PROSECUTOR]: This is, well, it's Hugo Cabrera, term number 2140 of 2015. This was a suppression into a stipulated fact trial, your Honor.
>
> THE COURT: Right.
>
> [THE PROSECUTOR]: *There was a DL-26 involved in the blood draw, though that was not admitted into evidence because it was stipulated that it was a consensual blood draw.* Your Honor found him—
>
> THE COURT: Is he present?
>
> [DEFENSE COUNSEL]: Yes, your Honor, he's seated.
>
> THE COURT: He should have a seat next to counsel.
>
> [THE PROSECUTOR]: Your Honor found him –
>
> THE COURT: I found him not guilty under 3802(d)(1)(I) and – I'm sorry. I found him guilty of 3802(d)(1)(i) and 3802(d)(1)(iii), not guilty of 3802(d)(2).

[THE PROSECUTOR]: That's correct.

THE COURT: Not guilty of driving on roadways laned for traffic. Careless driving was withdrawn. And drivers required to be licensed, I found him guilty.

[DEFENSE COUNSEL]: That's correct.

*THE COURT: And does the U.S. Supreme Court decision impact this or not?*

[THE PROSECUTOR]: My position is it does not. I know [defense counsel] is going to argue that it does.

[DEFENSE COUNSEL]: Yes, your Honor. I would make a motion right now for extraordinary relief, asking to vacate at least the conviction as it pertains to Count One, since it was premised upon what we now know is the illegally seized blood draw evidence.

Certainly at the time of litigation, I was unaware that this was an appropriate challenge to make. However, while the case is still pending, the law has changed significantly. And because the case is still pending, I think it is appropriate for me to make this request at this time and proceed to challenge the blood.

[THE PROSECUTOR]: Your Honor, I would argue the opposite. He has been convicted by your Honor. He was convicted upon a blood draw that was stipulated to be consensual at the time. The Commonwealth v. Birchfield—

THE COURT: We have to operate in good faith here.

[THE PROSECUTOR]: Of course, your Honor.

THE COURT: This was under paragraph four, the defendant in the stipulated fact trial, the defendant did consent to testing of his blood. But that was pursuant, I'm sure, to the reading of the DL-26 form even though it's not contained in there, I mean.

(Sentencing Hearing Transcript, 7/29/16, N.T. 2-4)(emphasis added).

The Commonwealth objected to Defendant's oral Motion. (Suppression Hearing Transcript, 7/29/16, N.T. 4). The Commonwealth stated,

> [THE PROSECUTOR]: If I could, your Honor, I think I can clarify this. The reason that we have been allowing for defendants who have pled open and have not been sentenced, we have been allowing them to essentially withdraw their guilty pleas. And then we have been repleading them to 3802(a)(1) or 3802(d)(2). The reason we have been allowing that is because after a guilty plea, but prior to sentencing, the defense can ask for withdrawal of a guilty plea for really any reason and the Court will grant it, so long as it does not prejudice the Commonwealth. This is a very different situation. Your Honor found at the time that the defendant, that we proved sufficiently beyond a reasonable doubt that he had marijuana in his system under 3802(d)(1)(i) and 3802(d)(iii).
>
> THE COURT: I guess the question becomes is Birchfield applicable here?
>
> [THE PROSECUTOR]: It's not, your Honor, because it's not retroactive. The issue is not preserved for appeal. I understand, of course, why [defense counsel] wasn't going to make that argument at the time because she didn't know that would be a viable argument. It would have been seen, quite frankly, as a frivolous argument to make. And I understand that. But if your Honor were to vacate this conviction, every single other person that has ever pled or been convicted and sentenced pursuant to a DL-26 –
>
> THE COURT: He hasn't been sentenced. That's the difference.
>
> [THE PROSECUTOR]: But he has been convicted. That's very different than an open guilty plea.

(Sentencing Hearing Transcript, 7/29/16, N.T. 4-6).

The Commonwealth contended that Defendant had failed to preserve the Fourth Amendment issue pre-trial and consequently, his issue was waived under *Commonwealth v. Cabeza*, 469 A.2d 146 (Pa. 1983), which the Commonwealth cited for

9

the proposition that new rules do not apply retroactively unless the issue concerning the rule has been preserved at all stages in the litigation up to and including direct appeal. (Sentencing Hearing Transcript, 7/29/16, N.T. 6-8). They also contended that they did not realize that *Birchfield, supra* would be an issue in Defendant's case "until your Honor brought it up this morning[.]" (Sentencing Hearing Transcript, 7/29/16, N.T. 7). In other words, they contended that we improperly raised a defense on behalf of a party *sua sponte* by asking both counsel on the record at the sentencing hearing whether *Birchfield, supra* had an impact on Defendant's case.

Ultimately, we granted Defendant's oral Motion for Extraordinary Relief on July 29, 2016 pursuant to Pennsylvania Rule of Criminal Procedure 704(B). We vacated Defendant's verdict at Count I of the Information, Driving Under the Influence of Alcohol or Controlled Substance, 75 Pa. C.S.A. § 3802(d)(1)(i) and § 3802(d)(1)(iii) and granted Defendant a new trial as to that charge. As we stated on the record,

> Under the Rule 704, it mentions the remedy of one of these being a new trial. So *in my humble opinion, the use of the blood test can then be determined at a subsequent suppression hearing.*

(Sentencing Hearing Transcript, 7/29/16, N.T. 13)(emphasis added). It was our intention, with respect to Count I of the Information, to put the parties back in the same position they enjoyed prior to the stipulated fact trial so that the issue concerning the applicability of *Birchfield, supra* to Defendant's compelled blood test and the validity of his waiver of his constitutional rights could be litigated properly. (Sentencing Hearing Transcript, 7/29/16, N.T. 10, 13).

10

The Commonwealth filed its Notice of Appeal on August 5, 2016. By Order dated August 5, 2016, we directed the Commonwealth to file within twenty-one (21) days a Concise Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. 1925(b). The Commonwealth timely complied, complaining that we erred by granting Defendant's oral motion for extraordinary relief because Defendant had failed to preserve his *Birchfield* claim prior to or during trial and because this Court allegedly improperly raised the *Birchfield* issue *sua sponte*. Having reviewed the relevant constitutional, statutory and decisional law, we are now prepared to make the following recommendation regarding the merits of the Commonwealth's appeal.

In support of its first issue, the preservation issue, the Commonwealth cites *Commonwealth v. Cabeza*, 469 A.2d 146 (Pa. 1983) for the proposition that where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal. *Commonwealth v. Cabeza*, 469 A.2d 146 (Pa. 1983). Unquestionably, *Cabeza, supra* states the proposition for which it has been cited. However, *Cabeza, supra,* involved the award of a new trial by the appellate court, not an oral motion for extraordinary relief made immediately before sentencing. The holding in *Cabeza, supra,* that an issue concerning a new rule of law must be properly preserved at all stages of litigation in order to obtain relief on direct appeal, must be viewed in the context in which it arose, i.e. the perspective of an appellate court reviewing a direct appeal. Defendant has not even reached the direct appeal stage. The context in which the instant case developed involved, as we discussed above, an oral

11

motion for extraordinary relief immediately prior to sentencing. Such a motion is expressly permitted by Pennsylvania Rule of Criminal Procedure 704(B), and is expressly permitted in delineated circumstances such as occurred in the case *sub judice*. Preservation at earlier stages is not required, because, given the nature and scope of an oral motion for extraordinary relief, the issues giving rise to such motion do not necessarily arise prior to or during trial. Preservation of issues raised in oral motions for extraordinary relief is accomplished, in the event the oral motion is denied, by filing a subsequent post-sentence motion. *Commonwealth v. Askew*, 907 A.2d 624 (Pa. Super. 2006), *appeal denied*, 919 A.2d 954 (Pa. 2007). Indeed, had we denied Defendant's oral motion, Defendant would likely have filed a post-sentence motion, preserving the issue for purposes of appeal and thus satisfying *Cabeza, supra* and allowing for direct appeal of the issue, assuming for purposes of argument that we would have denied Defendant's post-sentence motion. *Cabeza, supra* did not involve an oral motion for extraordinary relief and is thus factually and procedurally inapposite. The Commonwealth's reliance on *Cabeza, supra* is putting the proverbial horse before the cart. In terms of Defendant's oral motion for extraordinary relief, the factual and procedural prerequisites to the undersigned's exercise of discretion under Pennsylvania Rule of Criminal Procedure 704(B) were met. The Commonwealth's failure to recognize the differences in the procedural postures of *Cabeza, supra* and the instant case is a fatal flaw in the foundation of its argument.

Although it is true that Defendant did not, prior to or during trial, make a *direct* Fourth Amendment/Article I, Section 8 claim that his blood test results should be suppressed as unconstitutionally compelled and the product of an involuntary waiver of

12

constitutional rights due to the misinformation the officer gave him concerning the applicability of higher criminal penalties were he to refuse, at the time Defendant appeared before the Court to litigate his pre-trial motion challenging the basis for the stop and the admission of evidence as fruit of the poisonous tree, the validity of Pennsylvania's Implied Consent laws was not in question. It was an accepted part of Pennsylvania law that, by driving on the roadways of this Commonwealth, motorists gave up their right to unfettered refusal of any chemical test, including blood tests. Counsel did not raise this argument because to do so would have been, in this Commonwealth, considered meritless, even frivolous. Counsel cannot be deemed ineffective for failing to raise a frivolous issue. *Commonwealth v. Silvis*, 452 A.2d 1045 (Pa. Super. 1982). The *Birchfield, supra* issue did not arise until after Defendant's stipulated fact trial, indeed well after the trial, but a little more than one month before sentencing. Defendant's conviction was not yet final because he had not been sentenced. *See Commonwealth ex rel. Holly v. Ashe*, 82 A.2d 244 (Pa. 1951), *cert. denied, Holly v. Commonwealth of Pennsylvania*, 72 S.Ct. 90 (U.S. Pa. 1951)(the judgment in a criminal case is the sentence and not the conviction; final judgment in a criminal case means the sentence). When we convened for sentencing on July 29, 2016, defense counsel raised the *Birchfield* issue at the earlier possible moment, by making an oral motion for extraordinary relief.[3] Pennsylvania Rule

---

[3] Pennsylvania Rule of Criminal Procedure 704(B) provides

**(B) Oral Motion for Extraordinary Relief**

(1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.

13

of Criminal Procedure 704(B) expressly contemplates this motion, particularly under circumstances like the one that occurred here, where there has been an intervening change in case law. *See* Pa. R.Crim.P. 704(B), *Comment* ("It would be appropriate for counsel to move for extraordinary relief, for example, *when there has been a change in case law*[.]")(emphasis added). Further, Pennsylvania Rule of Criminal Procedure 704(B) expressly contemplates the type of relief given here. *See* Pa. R.Crim.P. 704(B)(1)("Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or *for a new trial*.")(emphasis added). A defendant who makes an oral motion for extraordinary relief and, if denied, follows it with a post-sentence motion raising the same issue, is considered to have properly preserved his issue for purposes of direct appeal, and the appellate courts will address the merits of his issue on direct appeal. *Commonwealth v. Askew*, 907 A.2d 624 (Pa. Super. 2006), *appeal denied*, 919 A.2d 954 (Pa. 2007)(Rule 704 specifically declares that any motion for extraordinary relief must be preserved via post-trial motion). It is, in effect, an alternative method of preserving, when followed by a timely-filed post-sentence motion,[4] an issue for appeal when certain extraordinary circumstances occur. It is a way of affording an avenue for

---

(2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.

(3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration on appeal.

Pa. R.Crim.P. 704(B).

---

[4] An oral motion for extraordinary relief, by itself, does nothing to preserve an issue for appellate review. Pa. R.Crim.P. 704(B)(3).

14

relief to defendants for whom a change in the law cannot be anticipated, and for whom counsel cannot be deemed ineffective for failing to raise it pre- or during trial, *see Commonwealth v. Jones*, 811 A.2d 994 (Pa. 2002), *denial of post-conviction relief aff'd*, 858 A.2d 75 (Pa. 2004), *denial of post-conviction relief aff'd*, 54 A.3d 14 (Pa. 2012) (counsel cannot be deemed ineffective for failing to anticipate a change in the law or for failing to advance a novel legal theory which has never been accepted by the pertinent courts) and who would otherwise be unable to obtain appellate review of the issue, even in a PCRA context, for both of those reasons. Indeed, had we denied Defendant's oral motion for extraordinary relief, we would have no doubt that defense counsel would have followed our denial with a timely-filed post-sentence motion, thereby preserving the issue for appellate review. However, we are not at the direct appeal stage. Questions of preservation at this juncture are premature. To right certain wrongs at the earliest time instead of perpetuating error, to avoid unnecessary proceedings as well as unnecessary appeals, and ultimately, to ensure that Defendant's sentence is valid and not predicated on incompetent evidence and that his waiver of his constitutional right to bodily integrity was truly knowing, voluntary and intelligent instead of obtained by coercion and/or misrepresentations of the law, we took the earliest opportunity which with we were presented to place the parties, with respect to the charges of violating 75 Pa. C.S.A. § 3802(d)(1)(i) and –(d)(1)(iii) in Count I, back into the same positions they enjoyed prior to trial, with the opportunity to present to the Court a suppression motion raising the *Birchfield* issue so that both parties may litigate to the fullest their positions as to its applicability to and impact upon Defendant's case. Indeed, this is precisely the remedy the United States Supreme Court ordered with respect to defendant Beylund, who

15

challenged the validity of his consent to the blood test due to the arresting officer's warnings concerning the ability of the State to compel his compliance. *Birchfield*, 136 S.Ct. at 2186-87. As the United States Supreme Court stated,

> Because voluntariness of consent to a search must be 'determined from the totality of all the circumstances,' . . . we leave it to the state court on remand to reevaluate Beylund's consent given the partial inaccuracy of the officer's advisory.

*Birchfield*, 136 S.Ct. at 2186. We ordered the same remedy as that prescribed by the United States Supreme Court for addressing a defendant's claim that unlawful warnings tainted the validity of the defendant's consent to a blood test. *Birchfield, supra*. Further, Pennsylvania Rule of Criminal Procedure 704(B) requires that "[t]he judge . . . decide a motion for extraordinary relief before imposing sentence, and *shall not delay the sentencing proceeding in order to decide it.*" Pa. R.Crim.P. 704(B)(2). The need for a quick decision on an oral motion for extraordinary relief, coupled with the fact that evidence *de hors* the record must be developed in order to get to the bottom of the underlying issue properly, requires that the sentencing court be given a bit of latitude in determining whether or not said motion should be granted. It is difficult for a sentencing court to examine in the context of an oral motion for extraordinary relief, the consideration of which is expressly mandated to not delay sentencing, all of the technical legal niceties that may impact upon the resolution of the ultimate underlying issue. At all times we aim for fairness. Because there is at least arguable merit to Defendant's motion, because the circumstances that occurred here with the issuance of the *Birchfield* decision fulfill the requirements of Pennsylvania Rule of Criminal Procedure 704(B), and because of the fact that the result of our decision placed the parties in the same position they were in

16

prior to trial with the complete ability to litigate the merits of Defendant's *Birchfield* claim to the fullest, we would respectfully submit that our decision to grant Defendant's oral motion for extraordinary relief was proper under Pennsylvania Rule of Criminal Procedure 704(B). Certainly, there is no harm to the Commonwealth here. Of course, they may not like our decision because, in light of his acquittal on the safe driving charge, they cannot re-plead him to a lesser offense and, if we determine after the suppression hearing that the Defendant's consent was involuntary, they will lack the evidence necessary to prevail on the crime(s) as charged. However, as we stated before, we do at all times strive for fairness, and for decisions, particularly with regard to convictions and sentencing, that are accurate, viable and right in the eyes of the law. These aims do not conflict with the duties of the prosecution under our Constitution; that is to say, our goals are, or should be, compatible in this respect. Finally, in light of the Commonwealth's acquiescence in the plea context to withdrawals of pleas due to *Birchfield, supra* and the allowance of re-pleading to lesser charges, to reject Defendant's right to judicial review of his *Birchfield, supra* claim is to essentially penalize Defendant for exercising his right to a trial instead of capitulating to the Commonwealth with the tender of a plea. This is neither fair nor just.[5]

There appears to be very little case law regarding the standard of appellate review applicable to decisions regarding oral motions for extraordinary relief. However, there is plenty of case law concerning the standard of review for decisions granting a new trial. "[A] trial court has an 'immemorial right to grant a new trial, whenever, in its opinion,

---

[5] *See also* Zack Needles, *Pa. Courts Retroactively Applying SCOTUS Blood Test Ruling,* Pennsylvania Law Weekly, August 30, 2016, at 1, 13 (discussing cases in which three Common Pleas Court Judges from Fayette County, Jefferson County and Warren-Forest applied *Birchfield* retroactively to cases pending direct review at the time *Birchfield, supra* was issued).

the justice of a particular case so requires.'" *Commonwealth v. Dorm*, 971 A.2d 1284, 1288 (Pa. Super. 2009)(*citing Commonwealth v. Powell*, 590 A.2d 1240, 1242 (Pa. 1991)). "[T]he 'interest of justice' is a historically recognized basis for the award of a new trial." *Id.* As the Pennsylvania Superior Court stated, "[t]he granting of a new trial in the interest of justice cannot be arbitrary, but must be supported by the record." *Commonwealth v. Riley*, 643 A.2d 1090, 1093 (Pa. Super. 1994). The appellate standard of review regarding an order granting a new trial in the interest of justice is abuse of discretion. *Commonwealth v. Dorm*, 971 A.2d 1284, 1288 (Pa. Super. 2009)(*citing Commonwealth v. Powell*, 590 A.2d 1240, 1243 (Pa. 1991)). An abuse of discretion is not a mere error in judgment, but, rather, involves bias, ill will, manifest unreasonableness, misapplication of the law, partiality, and/or prejudice. *Dorm*, 971 A.2d at 1288-89 (*citing Commonwealth v. Hacker*, 959 A.2d 380, 392 (Pa. Super. 2008), *rev'd on other grounds*, 15 A.3d 333 (Pa. 2011)). Our Supreme Court has held that the term "abuse of discretion" indicates that the appellate court determines that the trial court committed an error of law. *Powell*, 590 A.2d at 1245 n. 8. Our Supreme Court further explained that an error of law is a clearly erroneous conclusion and judgment—one that is clearly against logic and effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing; an improvident exercise of discretion; an error of law. *Powell*, 590 A.2d at 1245 n. 8. Given that there is a Pennsylvania Rule of Criminal Procedure that expressly authorizes the actions taken by this Court under the particular circumstances as were presented to this Court and that we have complied to the letter with the requirements of said Rule, it is our position that our granting of Defendant's oral

18

motion for extraordinary relief and our award of a new trial on Count 1 charging 75 Pa. C.S.A. § 3802(d)(1)(i), -(iii) was supported by the record and did not constitute an abuse of discretion or an error of law. Accordingly, we would respectfully submit that the Commonwealth's allegation that we erred by granting Defendant's oral motion for extraordinary relief has no merit and should, respectfully, be denied and dismissed.

With respect to the Commonwealth's second issue, our alleged improper raising of a defense *sua sponte* on behalf of the opposing party, the Commonwealth's argument is, at best, naïve; at worst it is disingenuous. The argument derives from the following exchange.

> THE COURT: I would have appreciated being briefed on this and given some notice if this was the position of everyone.
>
> [THE PROSECUTOR]: We honestly, your Honor, didn't realize until your Honor brought it up this morning that this was going to have a Birchfield effect.

(Sentencing Hearing Transcript, 7/29/16, N.T. 7). The hollowness of the Commonwealth's statement is evident from the fact that the effects of the *Birchfield*, *supra* decision were rippling through the Court on every DUI case involving a blood test that was litigated throughout that miscellaneous term and we had in fact been discussing *Birchfield*, *supra* all week before getting to the Defendant's case on July 29, 2016, with the Commonwealth, as we stated earlier, allowing every Defendant who tendered an open plea to the charge of *per se* DUI based on blood test results to withdraw his or her plea and tender a plea to the lesser applicable general impairment provisions of section 3802. It is further, and perhaps more tellingly so, evident from the fact that when we

19

convened for Defendant's sentencing hearing on July 29, 2016, the Commonwealth opened discussion with a recitation of the following facts.

> [THE PROSECUTOR]: *There was a DL-26 involved in the blood draw, though that was not admitted into evidence because it was stipulated that it was a consensual blood draw.*

(Sentencing Hearing Transcript, 7/29/16, N.T. 2). It was in fact the Commonwealth who brought the *Birchfield, supra* issue to the forefront of everyone's consciousness at Defendant's sentencing hearing, not the Court.

The crux of the Commonwealth's chagrin, it seems, is that our question "And does the U.S. Supreme Court decision impact this [sentencing] or not?" (Sentencing Hearing Transcript, 7/29/16, N.T. 3), made on the record in open court in the presence of both parties after the Commonwealth's recitation of the facts of the case, precipitated defense counsel's making an oral motion for extraordinary relief to the Court. (*See* Sentencing Hearing Transcript, 7/29/16, N.T. 3 ["Yes, your Honor. I would make a motion right now for extraordinary relief."]). However, *we* did not make that motion. We did not suggest to defense counsel that an oral motion for extraordinary relief should be made. We did not represent or suggest to defense counsel that Defendant would necessarily prevail on the underlying merits of his substantive claim. We did not acquit the Defendant or even rule on the ultimate issue of whether or not *Birchfield, supra* requires suppression of Defendant's blood test results. We asked a legal question implicated by the facts recited by the Commonwealth and gave both parties the opportunity to respond. We did not raise a defense on behalf of the Defendant. Defense counsel did that. And to suggest that defense counsel was ignorant of *Birchfield, supra* and would not have made an oral motion for extraordinary relief if we hadn't asked

20

whether *Birchfield, supra* has an impact on the case at hand is absurd, particularly as the Commonwealth recognized, in response to our question, that defense counsel "is going to argue that it does." (Sentencing Hearing Transcript, 7/29/16, N.T. 3). We merely acted on the defense motion to place the parties back in the position they were in prior to trial so that the issue concerning the validity of his waiver of his constitutional rights could be fully explored by both parties to the fullest extent permissible by law. When the deprivation of one's liberty is predicated on his waiver of important constitutional rights, we consider it prudent and wholly appropriate to voice on the record in the presence of both parties any questions or concerns we have about the validity and/or propriety of the actions we are about to take in order to ensure that the actions we take are appropriate and consistent with a person's constitutional safeguards. Ignorance is not bliss when one shoulders the burden of making such solemn, weighty and portentous decisions about other people's lives as whether to consign them to prison and for how long. Every person, whether judge, prosecutor, defense counsel, or lay consumer, has an interest in ensuring that our criminal justice system works fairly for all, not only for those who do not put the Commonwealth through the rigors of a trial.

For all of the foregoing reasons, we would respectfully submit that the Commonwealth's argument that we improperly *sua sponte* raised a defense on behalf of the Defendant is without merit and should, respectfully, be denied and dismissed.

Accordingly, because it is our position that neither of the issues the Commonwealth has raised have any merit, we would respectfully request that this

21

Honorable reviewing Court deny and dismiss the Commonwealth's appeal and remand this matter for proceedings consistent with our Order dated July 29, 2016.

BY THE COURT:

_____9/19/16_____
Date

_____ ____
Anthony A. Sarcione,                              J.

Certified From The Record
This____ 21 ____Day of____ 20_
Deputy Clerk of Common Pleas Court

22